# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| RANDY MARVIN SWISHER, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-128-TLS |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

The Petitioner, Randy M. Swisher, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] on March 15, 2012, challenging his 2008 convictions in the Porter County, Indiana, Superior Court for aggravated battery and battery with a deadly weapon. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions, dismissing those petitions which obviously lack merit.

This is not the first time that the Petitioner has brought a habeas corpus petition challenging his 2008 convictions for aggravated battery and battery with a deadly weapon. In *Swisher v. Superintendent, Westville Correctional Facility,* No. 3:10-CV-229-RL (N.D. Ind. filed June 8, 2010), the Petitioner sought to challenge the same convictions he is challenging here. The court found that petition without merit, denied it, and entered final judgment on September 6, 2011. *Swisher v. Superintendent, Westville Corr. Facility*, 2011 WL 3900844 (N.D. Ind. Sept. 2, 2011). The Petitioner filed a notice of appeal, and his appeal in 3:10-CV-229-RL is still pending before the United States Court of Appeals for the Seventh Circuit.

Regardless of whether the claims the Petitioner is now attempting to present are new or whether they were presented in his previous petition for writ of habeas corpus, this Petition must be dismissed because this Court lacks jurisdiction to consider his claims. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Therefore, any claims previously presented must be dismissed. Any claim not previously presented must also be dismissed because "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3). Here, the Petitioner has not obtained an order from the Seventh Circuit permitting him to proceed with any previously unpresented claims. "A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Therefore, any previously unpresented claims must also be dismissed because this Court lacks subject matter jurisdiction to hear them. *Id.* (stating that the requirement to seek approval from the court of appeals "is an allocation of subject-matter jurisdiction to the court of appeals").

For the foregoing reasons, the Petition [ECF No. 1] is DISMISSED without prejudice for want of jurisdiction. If the Petitioner can obtain leave of the United States Court of Appeals for the Seventh Circuit to file a second or successive habeas corpus application under section 2254, he may refile his Petition for writ of habeas corpus in this Court.

SO ORDERED on May 1, 2012.

      s/ Theresa L. Springmann
      THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION