UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| RANDY MARVIN SWISHER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-128-TLS |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On March 15, 2012, the Petitioner, Randy Marvin Swisher, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] challenging his 2008 convictions in the Porter Superior Court for aggravated battery and battery with a deadly weapon. This Court reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and dismissed it without prejudice for want of jurisdiction because the Petitioner filed a previous petition for writ of habeas corpus challenging the same convictions, which was denied on the merits. (*See* Opinion & Order, ECF No. 6.) The Court advised the Petitioner that if he can obtain leave of the United States Court of Appeals for the Seventh Circuit to file a second or successive habeas corpus application under section 2254, he may refile his petition for writ of habeas corpus. (*Id.* 2.)

The Petitioner has now filed a Motion to Amend Judgment [ECF No. 8] in which he states that his present petition "is neither a second or successive writ to the one he submitted in 2010 that challenged his conviction under cause number 64DO2-0810-FB-203, HAB. # 3:10-CV-229-RL." (Mot. to Amend J. 3, ECF No. 8.) He argues that the issue in his present habeas petition "was a constitutional violation of his right to appeal in his post conviction relief case #64DO2-911-PC-11831 . . . which is a civil case, not part of the direct appeal process." (*Id.*)

Absent very narrow circumstances, a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief. 28 U.S.C. § 2244; *Felder v. McVicar*, 113 F.3d 696, 697–98 (7th Cir. 1997); *Benton v. Washington*, 106 F.3d 162, 163 (7th Cir. 1996); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (discussing the prohibition on second or successive filings in the context of § 2255). The Petitioner's post-conviction proceedings deal with the convictions that form the basis for his earlier habeas petition in 3:10-CV-229-RL, and therefore his second petition for writ of habeas corpus is a second application for federal collateral relief on these convictions.

A state prisoner may elect to file a federal habeas petition as soon as he completes his direct appeal, or he may wait until he has also completed any collateral challenges to his conviction, such as post-conviction proceedings. *See* 28 U.S.C. § 2244(d)(2) (excluding the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending" from the one-year statute of limitations for a person in custody pursuant to the judgment of a state court to file a habeas petition). But if, as the Petitioner has done, he files his federal habeas petition before pursuing post-conviction relief, he must obtain leave of a federal court of appeals before filing a second petition for writ of habeas corpus dealing with issues arising from his post-conviction proceedings. At the time of the Petitioner's 2010 habeas case, he was specifically advised that proceeding with his petition before completing his efforts at state post-conviction relief would require him to seek leave from the United States Court of Appeals for the Seventh Circuit before he could file a second or successive habeas petition. The Petitioner responded as follows:

> The Petitioner advises the court that he wishes to proceed on the two claims before the court even though it may preclude him from ever bringing future claims in a habeas proceeding.

(Response to Court Order 1, No. 3:10-CV-229-RL, ECF No. 18.) In 2010, the Petitioner chose to proceed knowing it would mean he had to seek leave from the Seventh Circuit before filing another habeas petition.

The Petitioner argues that although his 2010 habeas petition and the petition presently before the Court are "related at the core," they are "not intertwined as one is the continuation of the criminal appeal process, while the other is a civil case." (Mot. to Amend 4.) Section 2244 makes no such distinction. *See* 28 U.S.C. § 2244(a) (stating that a district judge shall not be required to hear a habeas corpus action "inquir[ing] into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus"); *Benton*, 106 F.3d at 163 (stating that section 2244 "forbid[s] any 'second or successive' petition for collateral relief without the consent of the court of appeals, which may be given only in limited circumstances"). The Petitioner has filed a second or successive Petition without first having obtained authorization from the Seventh Circuit, and this Court therefore has "no option other than to deny the petition." *Nunez*, 96 F.3d at 991 ("A district court *must* dismiss a second or successive petition.").

For the foregoing reasons, the Court DENIES the Petitioner's Motion to Amend Judgment [ECF No. 8].

SO ORDERED on June 4, 2012.

         s/ Theresa L. Springmann  
        THERESA L. SPRINGMANN  
        UNITED STATES DISTRICT COURT  
        FORT WAYNE DIVISION