# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RANDY MARVIN SWISHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-128-TLS |
| | ) | |
| SUPERINTENDENT, WESTVILLE | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On March 15, 2012, the Petitioner, Randy Marvin Swisher, filed a Petition Under 28

U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] challenging

his 2008 convictions in the Porter Superior Court for aggravated battery and battery with a

deadly weapon. This Court reviewed the Petition pursuant to Rule 4 of the Rules Governing

Section 2254 Cases and dismissed it without prejudice for want of jurisdiction because the

Petitioner filed a previous petition for writ of habeas corpus challenging the same convictions,

which was denied on the merits. (Opinion & Order, ECF No. 6.) The Court advised the

Petitioner that if he can obtain leave of the United States Court of Appeals for the Seventh

Circuit to file a second or successive habeas corpus application under Section 2254, he may

refile his Petition for writ of habeas corpus in this Court. (*Id.* 2.) The Petitioner then filed a

Motion to Amend Judgment [ECF No. 8], arguing that his present Petition is not a second or

successive petition for writ of habeas corpus. This Court denied that Motion on June 4, 2012.

(Opinion & Order, ECF No. 9.)

The Petitioner has now filed a Motion to Amend Original Petition, or Reconsider Filing

Habeas Corpus [ECF No. 10], asking that the Court reconsider its determination that his Petition

is a second or successive petition. In this Motion, the Petitioner makes essentially the same

arguments that he made in his Motion to Amend Judgment. This Court has already concluded

that the Petitioner's argument that the instant petition is not a second or successive petition for

writ of habeas corpus is without merit, and the Petitioner's submissions in his Motion to Amend

Original Petition present no argument that would justify changing that determination.

Furthermore, as stated in the June 4, 2012, Order, the Petitioner previously elected to proceed in

his initial habeas petition although his State collateral review requests were still pending. The

Petitioner stated at that time that he understood this would mean he would have to seek leave of

the Seventh Circuit before filing another petition, and that leave would likely be denied as he

was voluntarily going forward before completion of the State collateral review process.

Accordingly, for the reasons stated in the Court's Orders of May 1 and June 4, 2012, this Court

will deny the Petitioner's Motion to Amend Original Petition.

For the foregoing reasons, the Court DENIES the Motion to Amend Original Petition, or

Reconsider Filing Habeas Corpus [ECF No. 10].

SO ORDERED on July 2, 2012.

      s/ Theresa L. Springmann
      THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT
      FORT WAYNE DIVISION